UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TESTLE THOMPSON and ESLYN THOMPSON, Plaintiff, | : : : : |
| v. | : 3:09-cv-1479 (WWE) |
| DEUTSCHE BANK NATIONAL TRUST, Defendant. | : : : : |

### RULING ON DEFENDANT'S MOTION TO DISMISS

Plaintiffs Testle Thompson and Eslyn Thompson bring this action under the Fair Housing Act against defendant Deutsche Bank National Trust. Now pending is defendant's motion to dismiss (Doc. #5) the complaint pursuant to Federal Rule of Civil Procedure 12. Plaintiff has not filed a response despite notice from the Court that defendant's motion may be granted if no opposition is filed.

### BACKGROUND

For purposes of ruling on a motion to dismiss, the court accepts all allegations of the complaint as true

Plaintiffs' complaint concerns the modification of a mortgage by Delroy Thompson; plaintiffs do not clarify how they are related to Delroy Thompson, if at all.

According to the complaint, Delroy Thompson was a mortgagee to a loan with HomeEq Servicing as the mortgagor. Delroy Thompson approached Mortgage Professional Services, LLC ("MPS"), a loan modification company, to assist him in the modification process.

MPS requested a modification on behalf of Delroy Thompson, and a modification

1

offer was made by HomeEq Servicing. Delroy Thompson had to leave the country because of a death of a family member, and he was unable to respond to the offer and meet the deadline requirements. Upon his return, Delroy Thompson was informed that HomeEq Servicing had foreclosed on his property and that eviction had begun.

When Delroy Thompson informed HomeEq Servicing that he was ready to make a payment and why he had missed the deadline, HomeEq Servicing responded that there was no basis upon which they would change their position and rescind the property.

Plaintiffs request that the Court "find HomeEq Servicing guilty of wrongful foreclosure and unfair practices and request HomeEq Servicing be mandated to rescind the property to Mr. Delroy Thompson and reinstate the offer to modify his mortgage." The complaint was signed by Delroy Thompson.

## DISCUSSION

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distrib. v. Merrill Lynch Commodities, Inc., 748 F. 2d 774, 779 (2d Cir. 1984). When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. Hishon v. King, 467 U.S. 69, 73 (1984). The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff is obliged to amplify a claim with some factual allegations to allow the

court to draw the reasonable inference that the defendant is liable for the alleged conduct.  Ashcroft v. Iqbal, 556 U.S. ___, 129 S. Ct. 1937 (2009).

Defendant moves to dismiss this complaint under rule 12(b)(1) for insufficient service of process and rule 12(b)(6) for failure to state a claim upon which relief may be granted.  In addition, the Court has concerns regarding plaintiffs' assertion of a claim on behalf of Delroy Thompson even though, on the face of the complaint, neither plaintiff is an attorney or involved in the facts underlying the complaint.

## I.   Standing

The doctrine of Article III standing requires litigants to demonstrate that (1) they suffered actual or threatened injury as a result of the illegal conduct of the defendant, (2) the injury is fairly traceable to the challenged action, and (3) the injury is redressable by a favorable decision.  Valley Forge Christian College v. Americans United for Separation of Church and State, 454 U.S. 464, 472 (1982).  The harm to plaintiffs must be actual or imminent, not conjectural or hypothetical.  Port Washington Teachers' Ass'n v. Bd. of Educ. of the Port Washington Union Free Sch. Dist., 478 F.3d 494, 498 (2d Cir. 2007).  Beyond those Constitutional requirements, there are certain court-imposed limits to invoking the jurisdiction of the federal courts.  Specifically, "[t]he plaintiff must (1) be asserting [his] own legal rights, and not those of a third party, (2) be asserting, in addition to a redressable injury, a particularized grievance, and (3) be asserting a claim that falls within that zone of interests the statute aims to protect or regulate.  Golden Hill Paugussett Tribe of Indians v. Weicker, 39 F.3d 51, 58 (2d Cir. 1994).

Plaintiffs can only assert their own rights. Warth v. Seldin, 422 U.S. 490, 499 (1975) ("A federal court's jurisdiction ... can be invoked only when the plaintiff himself has suffered some threatened or actual injury resulting from the putatively illegal action."). Therefore, jurisdiction cannot be invoked solely on the basis of harms to a member of plaintiffs' family. See, e.g., Burton v. City of New York, 1997 U.S. Dist. LEXIS 19946 (E.D.N.Y. Nov. 28, 1997) (granting motion to dismiss where plaintiff asserted claims on behalf of his wife). Even though a court should give latitude to a plaintiff who proceeds pro se, Haines v. Kerner, 404 U.S. 519 (1972), the Court cannot allow plaintiffs to assert claims in this action on behalf of Delroy Thompson where there are no allegations regarding an injury to themselves.

In addition, 28 U.S.C. § 1654 precludes a non-attorney from representing another. That is, a plaintiff must either proceed pro se or be represented by a licensed attorney. 28 U.S.C. § 1654; see, e.g., Echols v. American Fork Investors, 1992 U.S. App. LEXIS 19171, *5-6 (10th Cir. Aug. 17, 1992) ("[A] non-lawyer, cannot represent the members of his family...."). Therefore, plaintiffs cannot serve as Delroy Thompsons's legal representative and cannot assert claims on his behalf where they have no personal injury.

Because plaintiffs lack standing in this matter, it will be dismissed.

**II.   Claim Against Defendant**

All allegations in the complaint are made against HomeEq Servicing; none are made against defendant Deutsche Bank National Trust. In addition, there are no allegations connecting these two organizations or otherwise alleging that defendant was

involved in Delroy Thompson's eviction. Therefore, there are no factual allegations in the complaint that would raise the right to relief above the speculative level, and dismissal is appropriate.

Because the Court will dismiss the complaint for plaintiffs' lack of standing and under rule 12(b)(6) for failure to state a claim against defendant upon which relief may be granted, the Court will not address the sufficiency of service in this case or the application of the Rooker-Feldman doctrine.

## CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion to dismiss (Doc. #5). The Clerk is instructed to close this case.

Dated at Bridgeport, Connecticut, this __8th__ day of January, 2010.

/s/
Warren W. Eginton
Senior United States District Judge